■ Marjorie Davis, Also Known as Marjorie Mendel, Respondent, v Arthur Davis, Also Known as Maximillian Mendel, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered July 29, 1978 in Essex County, which adjudged (1) defendant to be in arrears in support payments in the sum of $1,955.48; (2) that plaintiff shall have custody of the four minor children of the marriage; and (3) that defendant shall pay child support for each child in the sum of $20 per week. Plaintiff made an application for temporary alimony, support and counsel fees at the commencement of a divorce action on the grounds of cruel and inhuman treatment. On July 1, 1977, Mr. Justice Soden ordered that defendant pay support of $100 per week as child support for the five children of the marriage. Subsequent to that order, two of the children moved in with defendant. Approximately three weeks after the support order was served and filed, plaintiff moved for an order to punish defendant for violation of the order. On the return date on August 26, 1977, the parties agreed to a stipulation wherein it was agreed that defendant would pay $50 per week for child support for three children; that he would be liable for one half of the heating bill, but, in no event, would he be liable for more than $500; and the parties agreed to split the taxes and insurance on the marital residence. On November 4, 1977, Mr. Justice Duskas, as Acting Supreme Court Justice,

granted a judgment of divorce by default, which judgment provided that the stipulation between the parties should be incorporated, but not merged in the divorce decree. On February 15, 1978, Mr. Justice Soden executed an order to show cause to punish the defendant for contempt of the order dated November 4, 1977. The matter was heard before Mr. Justice Soden on July 21, 1978. Defendant sought relief under section 246 of the Domestic Relations Law, claiming that he was unable to comply with the order directing him to make support payments, and asked for a modification of the order pursuant to section 248 of the Domestic Relations Law. Defendant complied with section 250 of the Domestic Relations Law and with 22 NYCRR 863.4 of the rules of the Appellate Division, Third Judicial Department, in that he gave financial disclosure on the appropriate forms. On July 29, 1978, the court granted an order adjudging that defendant was in arrears $1,955.48, that the wife have custody of the four infant children, and that defendant support the children in the amount of $20 per week for each child. Defendant was not adjudged in contempt. Defendant contends that Supreme Court lacked jurisdiction; that the proceeding was jurisdictionally defective; that defendant clearly showed he was unable to comply with the order for support and that the court should have modified the order; and that the court's computation of the arrears due was erroneous. The court found at the end of the hearing that the amount of arrears due was $955.48. Plaintiff concedes that this is the correct amount, rather than $1,955.48, as stated in the order appealed from. The order, therefore, must be modified accordingly. The judgment of divorce continues jurisdiction of the issues in the Supreme Court, and there is no directive granting alternative jurisdiction of the issues of support and custody in Family Court. Special Term properly assumed jurisdiction of the issues, and made a determination after a full hearing. The court heard the issues of arrearage, custody and child support. The contention that the proceeding was defective is completely without merit. In view of the fact that the court held a full hearing on the merits of defendant's motion, it cannot be held that the determination was erroneous or an abuse of discretion. Order modified, on the law and the facts, to reduce the stated amount of arrears from $1,955.48 to the sum of $955.48, and, as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.